UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WAYNE DAVID CARTHEL, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-2103 |
| | § | |
| BETTY JACOBS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

Wayne David Carthel is an inmate in the Texas Department of Criminal Justice ("TDCJ"). He filed a complaint under 42 U.S.C. § 1983 alleging violations of his rights by several TDCJ officials and employees. The defendants are Betty Jacobs, a phlebotomist employed by the University of Texas Medical Branch, which provides medical services to TDCJ inmates, Anitra Lindley, a Senior Practice Manager at a TDCJ unit and, apparently, Jacobs' supervisor, and William Collier, the Executive Director of TDCJ. Carthel alleges that Jacobs poked him numerous times with a needle while trying to draw blood.

Section 1915A of title 28 of the United States Code requires a federal district court to "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." If the complaint presents no cognizable claims, the court must dismiss the complaint.

The Eighth Amendment "establish[es] the government's obligation to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To rise to the level of a constitutional violation, however, prison officials must exhibit deliberate indifference to the prisoner's serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "Deliberate indifference" is more than mere negligence, *Gamble*, 429 U.S. at

104-06, but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. Rather, deliberate indifference requires that the defendant be subjectively aware of a substantial risk of serious harm to the inmate and recklessly disregard that risk. *Id.* at 829, 836.

> Deliberate indifference is an extremely high standard to meet . . . [T]he plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."

*Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001)(quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Carthel's allegations against defendant Jacobs, at most, assert that she was negligent in her attempt to draw blood from Carthel. Mere negligence, however, does not rise to the level of a constitutional violation. Therefore, Carthel fails to state a claim against Jacobs under 42 U.S.C. § 1983.

Carthel's claims against defendants Lindley and Collier merely assert liability based on their alleged failure, as the Senior Practice Manager and Executive Director, respectively, to correct or respond to the alleged wrongdoing of their employee. It is well established that supervisory officials cannot be held vicariously liable under 42 U.S.C. § 1983 for acts of their subordinates on a theory of *respondeat superior*. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978). Rather, to prevail on his claims, Carthel must demonstrate that each defendant was personally involved in the alleged constitutional violation, or that the defendant committed wrongful acts that were causally connected to a constitutional deprivation. *See Jones v. Lowndes County, Mississippi*, 678 F.3d 344, 349 (5th Cir. 2012). Because Carthel asserts no personal

involvement by Lindley or Collier in any alleged wrongdoing, but rather alleges liability based only on their supervisory roles, he fails to state a claim for relief against them.

Accordingly, it is ORDERED that the complaint (Dkt. No. 1) is DISMISSED pursuant to 28 U.S.C. § 1915A.  It is FURTHER ORDERED that Carthel's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is DENIED AS MOOT.

This dismissal shall count as a strike for purposes of 28 U.S.C. § 1915(g).  The Clerk shall forward a copy of this Order to:  **Three_Strikes@txs.uscourts.gov**.

SIGNED on this 11th day of July, 2017.

_____
Kenneth M. Hoyt
United States District Judge